GOLDYE SIEGEL, Respondent, *v.* MONROE M. SCHWARZCHILD, Doing Business under the Firm Name and Style of M. M. SCHWARZCHILD & Co., Appellant.

First Department, July 1, 1921.

Contracts — action to recover on trade acceptance — goods sold by defendant for plaintiff's assignor — parol evidence admissible that trade acceptance was to be effective only on sale by defendant to third person and to protect plaintiff's assignor against buyer's insolvency.

In an action on a trade acceptance given by the defendant to the plaintiff's assignor in which it appeared that the goods for which the trade acceptance was given were delivered to the defendant to sell on commission, parol evidence was admissible on behalf of the defendant to show that the trade acceptance was to become effective only in case the goods were sold to a named third person, and that it was to stand as security for the purchase price to protect the seller against the insolvency of said third

person. Such evidence does not alter the contract but establishes a condition preceding the liability upon the trade acceptance.

On all the evidence, *held,* that the finding of the jury in favor of the defendant was not against the weight of the evidence.

Appeal by the defendant, Monroe M. Schwarzchild, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of December, 1920, upon the verdict of a jury rendered by direction of the court, and also from an order made on the same day setting aside the verdict of the jury in favor of the defendant.

*Edward C. Weinrib* of counsel [*Shaine & Weinrib,* attorneys], for the appellant.

*Morse S. Hirsch* of counsel [*Samuel Meyers* with him on the brief; *Morris & Samuel Meyers,* attorneys], for the respondent.

Smith, J.:

The action is brought upon a trade acceptance in the sum of $3,725.45 by the assignee thereof. It seems that the plaintiff's assignor was a maker of shirt waists and he had in his place a large quantity of georgettes, which are pieces of silk. These he wanted to sell. He called his cousin, Lester Wollman, who was working for the defendant, and thereafter made an arrangement with the defendant whereby the defendant should take the silk and sell it for the plaintiff. The commission upon the same is a matter of some dispute, but it is probably immaterial here. The defendant thereafter found one of its old customers in Los Angeles, a man by the name of Obrow, who wanted some of these silks, but would only pay two dollars and thirty-two and one-half cents, while the plaintiff's assignor wanted two dollars and thirty-five cents. It was afterwards agreed that they might be sold for two dollars and thirty-two and one-half cents, and it is claimed on the part of the plaintiff that the commission was increased to three per cent and on the part of the defendant that the commission was decreased from four per cent to three per cent. Plaintiff's assignor did not know this customer, but the defendant did, and plaintiff's assignor was not willing to take

the risk unless the defendant would give him a trade acceptance for the amount of merchandise which is the trade acceptance which was afterwards given, and upon which this suit is brought.

The defendant here defends as against this trade acceptance and seeks to prove that this was given to the plaintiff simply to secure the plaintiff against the insolvency of this man Obrow in case the sale was made to him, and the jury found that such was the fact. The trial judge, however, seems to have held in the first place that this is no defense because it would vary a written contract by parol, and secondly, that the evidence does not support it.

Upon the question as to whether the finding of the jury is against the weight of evidence I think that it was not against the weight of evidence. There was abundant evidence upon which such fact could be found. Here was a delivery of these goods to the defendant to sell on commission. Upon the evidence the commission was changed and the price was changed. It is true that the trade acceptance states that it was made upon the purchase of goods. The statement of the consideration did not bind either party and can be contradicted, while the statement of the obligations of a contract cannot be altered by parol evidence. The evidence was competent to show that the trade acceptance was to become effective only in case the goods were sold to Obrow, and then stand as security for the purchase price. This is not a condition subsequent, it is a condition preceding the liability upon the trade acceptance. Under the authorities this fact may be shown. (*Smith* v. *Dotterweich*, 200 N. Y. 299; *Grannis* v. *Stevens*, 216 id. 587; *Title Guarantee & Trust Co.* v. *Pam*, 192 App. Div. 268, 320.)

The judgment and order should be reversed, with costs, and verdict reinstated, and judgment entered thereon, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment and order reversed, with costs, verdict reinstated and judgment ordered to be entered thereon, with costs.